Ingraham, P. J.
The defendant was arrested in this action, which according to the original affidavit, appears to be to recover the value of property belonging to the plaintiff, and which property the defendant got into his possession from the persons in whose charge the plaintiff placed it, without her authority, and which on demand he refused to deliver to her.
The defendant does not deny the plaintiff’s title, but seeks to excuse the taking and to retain the property, on two grounds. 1st. That the plaintiff bought the property from him, and 2nd, that she did not pay for it, but is still indebted to him in a large amount therefor.
The motion sometime since was referred to a referee to report Ms opinion, and he has reported that the order of arrest should be vacated.
I am very much embarrassed in the decision of this motion by the course that has been taken in regard to the referee’s report; that such references or motions are inexpedient, I cannot doubt. A large mass of evidence has been taken, but not in my judgment changing the state of facts as they appeared when the order of reference' was made, and on this motion the case has been argued in every aspect. Exceptions have been taken to the report as though it was a report on an issue in the cause, as well as exceptions to the admission of testimony, and the decision of the referee is objected to as against the weight of evidence. All these things are inexpedient and improper on motions.
• Each side should be allowed to present his case on ex parte affidavits of himself and of others, and it is for the Judge to decide what credit and weight he will give them, and on this account it is that such motions cannot with propriety be sent a reference.
*29 The referee appears to have considered the case as depending on the question, whether the goods had been obtained by fraudulent representations ; and finds that they were not, and therefore that the order of arrest should be vacated.
I do not understand the defendant as denying that the plaintiff had the possession of the property, and placed it in the possession of other parties for her benefit, nor that the defendant procured the possession of it without her consent. I consider, for this motion, all the facts to be as found by the referee ; viz., that this property was in the hands of one Cornelis for the account of the plaintiff, that the plaintiff was largely indebted to the defendant, and in part for these goods or some of them, that they were brought here from Mexico on the plaintiff’s account, that when defendant found the goods here, he was about to seize them by attachment, and Cornelis was induced to deliver the possession of them to the defendant, who sold them and claimed to justify his refusal to deliver them on the ground of the plaintiff’s indebtedness to him.
Taking all these statements to be facts, it seems to me they show no defence to the action. 1 lay out of view sundry charges of improper intentions as to the dispositions of these goods by either party, whether they were sent from France to avoid creditors, or were to be improperly introduced into Mexico. All this is immaterial here. The delivery'of the goods without payment or on credit, vested no title in the defendant. That, could not be divested except by plaintiff’s consent or by operation of law. The defendant’s possession was by neither. The delivery to him by Cornelis, the agent of the plaintiff, was beyond his authority, and vested in defendant no title. In an action to recover the possession, his claims against the plaintiff or her husband for moneys due him would be no defence. If he wanted to hold the property to secure his debt he should have attached it. No creditor can, without his debtor’s consent, obtain possession of property and hold, it as security for the moneys due him. Nor can he offset such claims against a claim for the property.
These principles are well settled, and entirely dispose of this motion.
The plaintiff has demanded from the defendant her property, of which he has had possession, without her consent, and whe *30 demanded, he refused to deliver it, and says he has sold it. This amounts to a conversion, for which he is liable, and to which the defendant can set up no counter claim.
I see no ground on which a defence could be made out of these facts.
I have considered these questions on the merits as they would be disclosed on a trial, but it is proper to add that in cases where the cause of the arrest must be proved on the trial as part of the cause of action, it is not proper to try the question on a motion to discharge the defendant from arrest. If the plaintiff’s 'affidavits are positive, the only proper question for-discussion is the amount for which the defendant should be held to bail. On this point there is no dispute in the papers.
The motion must be denied.